# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MELISSA ROBINSON-AGLES,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**WELLS FARGO & COMPANY, TRANSUNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>Defendants. | **Case No.:** 2:20-cv-00812-MCE-CKD<br><br>**Assigned for All Purposes to: Hon. Morrison C. England, Jr., Courtroom 7, 14th Floor**<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>Complaint filed: April 20, 2020 |

**JOINT STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff, MELISSA ROBINSON-AGLES ("Plaintiff"), and Defendants WELLS FARGO & COMPANY, TRANSUNION, LLC, AND EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendants" or collectively as the "parties"), through their respective attorneys of record, as follows:

WHEREAS documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to confidential, private, proprietary, or trade secret information.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are specifically designated as "Confidential" and subject to this Order.

2. Any party or non-party producing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential." Testimony at a deposition, or portions thereof, may be designated as "Confidential" by designating such testimony by written notice within twenty-one (21) days from the date that the deposition transcript becomes available. The Court Reporter for the deposition(s) shall not be required to separate the confidential portions of the transcript from the non-confidential portions of the transcript, and the Parties shall treat the transcript with due care owing to the fact that the transcripts may have both confidential and non-confidential information interspersed in the same, single transcript. A party or non-party subject to this Order may only designate documents or other information in this action as "Confidential" if the designating party or non-party has an articulable, good faith basis to believe that each document or other

information designated as "Confidential" qualifies for protection under applicable law.

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted or redacted therefrom may be made part of the public record.

4. The parties shall follow and abide by applicable law with respect to filing documents under seal.

5. All documents, transcripts, or other materials designated as "Confidential" shall not be used for any purpose other than for the preparation, litigation, and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or transcript, or portions thereof, as "Confidential" may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

    a. The Court and its officers, including any juror or jurors;

    b. Parties to this litigation;

    c. Counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation;

    d. Fact witnesses subject to executing the agreement to be bound attached as Exhibit A;

    e. Present or former employees of the Producing Party in connection with their depositions in this action subject to executing the agreement to be bound attached as Exhibit A; and

    f. Experts retained as consultants or expert witnesses in connection with

        this litigation subject to executing the agreement to be bound attached as Exhibit A.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified herein.

8. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

    a. Promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

    b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order.

9. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential." Nothing in this Order shall prevent a party from seeking a protective order at trial.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor any confidentiality designation pursuant to this Order, nor the failure to make such designation or oppose such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, which are in the possession of the parties shall, at the written request of the Producing Party, be returned to the Producing Party at the Producing Party's expense or destroyed. However, counsel for the parties may retain a copy of any court filings, motions, or depositions subject to the terms of this Order.

12. In the event that any party to this litigation disagrees with any designation made under this Order they may challenge the designation at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to challenge promptly after the original designation is disclosed. A party challenging a designation made under this Order shall provide written notice to the designating party explaining the basis for their belief the confidentiality designation was not proper. The parties shall meet and confer within seven (7) days of the challenging party providing notice, unless otherwise agreed.

13. If the Parties cannot resolve a challenge pursuant to the meet and confer process set forth above, the challenging party will then have the opportunity to further challenge said designation in accordance with the then applicable procedures of the Court or the Code of Civil Procedure or other applicable law.  The information shall remain as designated under the status given to it by the Designating Party unless and until the Designating Party agrees to change the designation or the Court rules on the designation.

14. In the event of an inadvertent production or disclosure of any documents or materials that the designating party contends should have been designated as confidential, and shall not in and of itself constitute a waiver or impairment of any claim of confidentiality, privilege, or other protection from

**JOINT STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

discovery. In the event of an inadvertent disclosure of confidential documents or materials, the designating party may thereafter designate such information as confidential by providing written notice to counsel that the documents or materials should have been designated as confidential and providing a copy of said items bearing the required designation. Such information shall be covered by the terms and subject to the conditions set forth in this Protective Order, as if it had been designated on the date they were originally disclosed.

15. If a receiving party learns that, by inadvertence or otherwise, it has disclosed material designated as confidential to any person or in any circumstance not authorized under this Order, the receiving party must immediately:

    a. Notify the designating party in writing of the unauthorized disclosures;

    b. Request that all unauthorized copies be returned and/or deleted;

    c. Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    d. Request such person or persons to execute the agreement to be bound attached as Exhibit A.

16. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

///
///
///
///
///
///
///
///

**JOINT STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

|     |                              | **THE CARDOZA LAW CORPORATION** |
| --- | ---------------------------- | ------------------------------- |
| 1   |                              |                                 |
| 2   | DATED: September 23, 2020    | BY: /s/ Lauren B. Veggian       |
|     |                              | Michael F. Cardoza, Esq.        |
| 3   |                              | Lauren B. Veggian, Esq.         |
| 4   |                              | Attorneys for Plaintiff,        |
|     |                              | Melissa Robinson-Agles          |
| 5   |                              |                                 |
| 6   |                              | **JONES DAY**                   |
| 7   | DATED: September 23, 2020    | BY: /s/ Samuel A. Micon         |
|     |                              | Samuel A. Micon                 |
| 8   |                              | Attorney for Defendant,         |
| 9   |                              | Experian Information Solutions, Inc. |
| 10  |                              | **TROUTMAN SANDERS, LLP**       |
| 11  | DATED: September 23, 2020    | BY: /s/ Jessica Lohr            |
| 12  |                              | Jessica Lohr                    |
|     |                              | Attorney for Defendant,         |
| 13  |                              | Wells Fargo & Company           |
| 14  |                              |                                 |
| 15  |                              | **SCHUCKIT & ASSOCIATES, P.C.** |
| 16  | DATED: September 23, 2020    | BY: /s/ Christopher L. Blair    |
|     |                              | Christopher L. Blair            |
| 17  |                              | Attorney for Defendant,         |
| 18  |                              | Transunion, LLC                 |

**Joint Stipulated Protective Order; [Proposed] Order**

## **ORDER**

IT IS SO ORDERED, with the following amendments and clarifications:

1.   The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2.   Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3.   Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4.   Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

DATED: SEPTEMBER 22, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

17.812.po

**JOINT STIPULATED PROTECTIVE ORDER; [PROPOSED] ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court of California, Eastern District in the case of *Melissa Robinson-Agles. v. Wells Fargo & Company, TransUnion, LLC, and Experian Information Solutions, Inc. et al.*, Case No. 2:20-cv-00812-MCE-CKD. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court of California, Eastern District, for the purpose of enforcing the terms of the Protective Order and this Acknowledgment and Agreement to be Bound, even if such enforcement proceedings occur after termination of this Action.

Date: _____

City and State where sworn and signed:

_____

_____
[Printed Name]

_____
[Signature]

**EXHIBIT A**